UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
Laurent Adamowicz,                              :
                                                :
          Plaintiff,                  :
                                                :      05 Civ. 0961 (HB)
    -against-                                 :
                                                :
Barclays Private Equity France S.A.S.,[1]       :      **OPINION & ORDER**
et al.,                                         :
                                                :
          Defendants.                 :
-----------------------------------------------------X

**Hon. Harold Baer, Jr., District Judge:**

        Plaintiff Laurent Adamowicz ("Adamowicz") brings this action for, *inter alia*, violations of sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), against defendants Fauchon Holding, S.A.S., Fauchon, S.A.S., Groupe Fauchon, S.A., Fauchon, Inc. (U.S.) ("Fauchon U.S."), Waldo, S.A. (collectively the "Fauchon Group"), Barclays Private Equity France, S.A.S. ("Barclays"), Compagnie De Bois Sauvage ("CBS"), Michel Deroy ("Deroy"), Michel Ducros ("Ducros"), Christine Gaillard ("Gaillard"), Intermediate Captial Group, P.L.C. ("ICG"), Levira Holding ("Levira"), Matignon Investissement et Gestion S.A.S. ("MIG"), Matignon F.C.P.R., ("Matignon"), Parvent, Guy Paquot ("Paquot"), Jean Francoise Toulouse ("Toulouse") (collectively, the "Minority Investors"), Pierre Besnainou ("Besnainou") and Universal Capital Partners, S.A. ("UCP"). Defendants have moved to dismiss the complaint: 1) pursuant to the doctrine of *forum non conveniens*; 2) for lack of subject matter jurisdiction; 3) for failure to state a claim pursuant to Rule 12(b)(6); and 4) for lack of personal jurisdiction.[2] The motion is granted.

**BACKGROUND**

        Adamowicz acquired a controlling interest in the Fauchon Group, a privately held family of related corporations, in 1998. (Compl. ¶¶ 28, 30). The Minority Investors

---

[1] The complaint erroneously refers to this defendant as "Barclays Private Equity France SA."
[2] Although all defendants move to dismiss for lack of personal jurisdiction, defendants do not dispute plaintiff's allegation that Fauchon U.S. is a domestic corporation with offices in Manhattan. (Compl. ¶ 26).

1

participated with Adamowicz in the acquisition, and each acquired a stake in the Fauchon Group. (Id.) Adamowicz received voting control through March 2005, and agreed to operate the Fauchon Group for that period, serving as Chairman and CEO of the various operating and holding entities. (Compl. ¶¶ 30-31). In 2003, the Fauchon Group experienced a severe liquidity crisis. (Compl. ¶ 40). Adamowicz alleges that, in order "to wrest control of Fauchon[,] . . . in mid 2003" the Minority Investors "refused to authorize any capital increase and/or invest any further capital" in the Fauchon Group unless Adamowicz agreed to cede control. (Compl. ¶ 41).[3]

In October, 2003, a French receiver was appointed to assist the Fauchon Group in negotiating extensions with its various creditors. (Compl. ¶ 43). Shortly thereafter, in November and December 2003, Adamowicz and UCP negotiated a joint venture agreement that encompassed an investment by UCP in the Fauchon Group, as well as the future sale of Adamowicz's stake in the companies to UCP. (Compl. ¶ 45). This agreement was executed on December 18, 2003. (Compl. ¶ 48). Adamowicz alleges that he entered into the agreement in reliance on the Minority Investors' representations that Adamowicz should seek financing from UCP "because there were no other alternatives for financing." (Compl. ¶ 47). Nonetheless, on December 22, 2003, the Minority Investors rejected the joint venture agreement, allegedly because it called for an additional capital contribution. (Compl. ¶¶ 48-49).

Thereafter, Adamowicz and Besnainou, UCP's principal, negotiated a second agreement, in which UCP would lend Adamowicz money to fund new capital increases. (Compl. ¶¶ 52-54). The second agreement was signed on January 5, 2004. (Compl. ¶ 54). However, on January 8, 2004, UCP reneged on the loan agreement. (Compl. ¶¶ 58-59). Adamowicz alleges that the Minority Investors conspired with Besnainou to cause UCP to renege on its obligations. (Compl. ¶¶ 55, 58). On January 9, 2004, the receiver presented Adamowicz with a choice between selling his stake in the Fauchon Group to the Minority Investors or filing for bankruptcy protection. (Compl. ¶ 60). Adamowicz chose to sell his shares "at an artificially depressed price[.]" (Compl. ¶ 62). Two months

---

[3] However, the complaint also alleges that a capital increase was approved in "mid[] 2003[.]" (Compl. ¶ 41).

2

later, in March 2004, UCP announced that it would acquire a 10% interest in the Fauchon Group. (Compl. ¶ 63).

## DISCUSSION

Defendants move to dismiss the complaint on, *inter alia*, grounds of *forum non conveniens*. As a general matter, courts must defer to a plaintiff's choice of forum. See Iragorri v. United Technologies Corp., 274 F.3d 65, 70 (2d Cir. 2001). "'[U]nless the balance [of factors] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). However, the degree of deference accorded plaintiff's choice varies based upon the circumstances of the case. Thus, in deciding whether the doctrine of *forum non conveniens* requires dismissal, courts must first determine the degree of deference due to plaintiff's choice of forum. See Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 70 (2d Cir. 2003). Having made this determination, a court must next decide "whether an adequate alternative forum exists." Id. If there exists an alternative forum, the court should then balance the "private and public interest" factors set forth by the Supreme Court in Gilbert to determine, based on "the relative hardships involved, whether the case should be adjudicated in the plaintiff's chosen forum or in the alternative forum suggested by the defendant." Id. (citing Gilbert, 330 U.S. at 507-09).

Generally, "a plaintiff's choice of forum warrants less deference if that plaintiff is not a United States citizen and the alternative forum is foreign." PT United Can Co., Ltd. v. Crown Cork & Seal Co., Inc., 96CV3669, 1997 WL 31194, *5 (S.D.N.Y. Jan. 28, 1997). However, this notion is inapplicable when the foreign plaintiff is a United States resident. See Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 103 (2d Cir. 2000) ("We have never accorded less deference to a foreign plaintiff's choice of a United States forum where that plaintiff was a U.S. resident."). Furthermore, "it is not a correct understanding of the rule to accord deference only when . . . suit is brought in the plaintiff's home district[,]" since "[i]n many circumstances[] it will be far more convenient for a U.S. resident plaintiff to sue in a U.S. court than in a foreign country, even though . . . not [in] the district in which the plaintiff resides." Iragorri, 274 F.3d at 73. In sum, the Second Circuit has mandated that district courts are to "give greater deference to a plaintiff's forum choice to the extent that it was motivated by legitimate

reasons, including the plaintiff's convenience and the ability of a U.S. resident plaintiff to obtain jurisdiction over the defendant[s], and diminishing deference to a plaintiff's forum choice to the extent that it was motivated by tactical advantage." Id.

Here, Adamowicz is a citizen of France and a permanent resident of the State of Connecticut. (Compl. ¶ 2; Affidavit of Laurent Adamowicz, dated October 18, 2005 ("Adamowicz Aff.") ¶¶ 3-4).[4] He has been a permanent resident of the United States since 1989. (Adamowicz Aff. ¶ 3). Adamowicz attests that, prior to moving to Connecticut, he resided for some period of time in Manhattan. (Id. ¶ 4). Adamowicz asserts that, in November 2003 and December 2004, while negotiating the terms of his joint venture and loan agreements with Besnainou and UCP, he was residing in New York City. (Id. ¶ 7). Adamowicz claims that, while engaged in these negotiations, he was physically present in New York, except for a period between December 23, 2003 and January 2, 2004 during which he traveled to Utah. (Id.) Based on these assertions, it is clear that, although Adamowicz is not a United States citizen and does not currently reside within this District, he does have *bone fide* connections to the United States. Therefore, his choice of forum is entitled to significant deference. See Iragorri, 274 F.3d at 72 ("[T]he greater the plaintiff's or the lawsuit's bona fide connection to the United States, the more difficult it will be for the defendant to gain dismissal for *forum non conveniens*.").

I must next consider the adequacy of a French forum. "Generally, [an] alternative forum is adequate as long as the defendant[s are] amenable to process there and the forum permits litigation of the subject matter of the suit." Reers v. Deutsche Bahn A.G., 320 F. Supp. 2d 140, 159 (S.D.N.Y. 2004). All of the individual defendants are European nationals residing in Europe. Twelve of the thirteen corporate defendants are also European. All of the European defendants are subject to the jurisdiction of the French courts. (See Declaration of Bernard Vatier ("Vatier Dec."), dated September 23, 2005, ¶¶ 10-13). The sole American defendant, Fauchon U.S., has consented to jurisdiction in France. (Defendants' Memorandum of Law, dated September 23, 2005 ("Defs' Mem.") at 17 n.10; Vatier Dec. ¶ 14).

---

[4] Although Adamowicz's nationality is not alleged in the Complaint, the defendants have asserted that Adamowicz is of French origin. Adamowicz has not contradicted this assertion, attesting only that he is a legal permanent resident of the United States. (Adamowicz Aff. ¶ 3).

Courts within this District have repeatedly determined that French courts are adequately equipped to try civil matters. See, e.g. Reers, 320 F. Supp. 2d at 159; Dattner v. Conagra Foods, Inc., 01CV11297, 2003 WL 1740448, *4 (S.D.N.Y. April 2, 2003). Plaintiff argues that a French forum is inadequate because, in France, civil litigants have no right to a jury trial, nor "to confront witness[es] . . . and . . . present testimony before the fact finder. . ." (Adamowicz Aff. ¶ 16). However, "the possibility that French law may prove less favorable to Plaintiff does not make France an inadequate forum." Dattner, 2003 WL 1740448, * 4. See also Ernst v. Ernst, 722 F. Supp. 61, 68 (S.D.N.Y. 1989) (finding that French forum would provide plaintiff an adequate "opportunity to be heard"). French law provides causes of action analogous to those asserted by Adamowicz in this suit. (Vatier Dec. ¶¶ 37-50). The differing practices and procedures of the French courts do not render those courts unsuitable to hear this case.

The various public and private interest factors make up the balance of the *forum non conveniens* analysis. The private interest factors include: "1) the ease of access to evidence; 2) the availability of compulsory process for the attendance of unwilling witnesses; 3) the cost of the willing witnesses' attendance . . . [and] all other factors that might make the trial quicker or less expensive." DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 29 (2d Cir. 2002). The public interest factors to be considered include: "1) administrative difficulties associated with court congestion; 2) the unfairness of imposing jury duty on a community with no relation to the litigation; 3) the local interest in having localized controversies decided at home; and 4) avoiding difficult problems in conflict of laws and the application of foreign law." Id. at 31. Ultimately, a decision to dismiss a matter "on *forum non conveniens* grounds lies wholly within the broad discretion of the district court." Iragorri, 274 F.3d at 72.

Here, all of the individual and corporate defendants (with the exception of Fauchon U.S.), are located in France or neighboring European countries, along with all of their relevant documents and records. Plaintiff has not identified any witnesses (other than himself) who might be found within this District, or for that matter within the United States. In addition, the Fauchon Group shareholders' agreement was written in French and executed in Paris. (Declaration of Gonzague de Blignieres, dated September 22, 2005 ("de Blignieres Dec.") Ex. D). That agreement provides that disputes relating to the

interpretation and enforcement thereof must be brought in the Paris Commercial Court.[5] (Vatier Dec. ¶ 18). The loan agreement between Adamowicz and Besnainou dated January 5, 2004 was also written in French and executed in Paris. (Declaration of Jack B. Gordon, dated September 21, 2005, Exs. 1, 2). Furthermore, it is likely that, in any event, French law would govern Adamowicz's supplemental common law claims.[6] See Finance One Public Co. Ltd. v. Lehman Bros. Special Financing, Inc., 414 F.3d 325, 337 (2d Cir. 2005) (under New York choice of law principles, tort claims are governed by law of jurisdiction with greatest interest in dispute).

Indeed, before bringing this action, Adamowicz petitioned the Paris Commercial Court for interim relief based on allegations substantially identical to those asserted in this action. (de Blignieres Dec., Ex. A; Vatier Dec. ¶ 54). The Paris Commerical Court denied that petition, and the denial was affirmed on appeal. (de Blignieres Dec., Exs. B, C). However, the holding there, which was obviously not to plaintiff's liking, does not dictate that the Southern District of New York is a proper forum, nor does it preclude Adamowicz from litigating the merits of his claims in France. (Vatier Dec. ¶ 54).

While these factors, taken in isolation, might not render this Court unduly inconvenient, together they weigh strongly in favor of a French forum. Although Adamowicz was present in the United States while engaged in certain negotiations with Besnainou, (see Adamowicz Aff. ¶ 7),[7] the crux of the complaint relates to the alleged machinations of various European investors in predominately French corporations. The locality with the greatest interest in the resolution of this dispute is France. Furthermore, the hardship imposed on the European defendants in litigating this dispute here far outweighs any hardship plaintiff would suffer by dismissal in favor of a French forum. Plaintiff is a party to the shareholders agreement, which contains a French forum selection clause, and he has already sought redress in the French courts for the claims

---

[5] In their memorandum, defendants do not argue that the forum selection clause contained in the shareholders' agreement bars Adamowicz from proceeding here, presumably because the complaint relates, at least in part, to matters not encompassed by the shareholders' agreement.

[6] Adamowicz asserts supplemental claims for breach of contract, breach of fiduciary duty, tortious interference with contract, and for an accounting. (Compl. ¶¶ 82-99).

[7] Adamowicz also asserts that Besnainou was in the United States for some of these discussions. (Adamowicz Aff. ¶ 7). Besnainou asserts that, while on vacation in Miami, he took part in one conference call with Adamowicz regarding the loan agreement. (Declaration of Pierre Besnainou, dated Sept. 13, 2005, ¶ 7).

asserted herein. Therefore, I find that the doctrine of *forum non conveniens* warrants the dismissal of this action. Consequently, there is no need to explore the remaining grounds for dismissal urged by the defendants.

## CONCLUSION

For the reasons set forth above, defendants' motion is GRANTED and plaintiff's complaint is DISMISSED without prejudice. The Clerk of the Court is directed to close this case and any open motions and to remove this case from my docket.

**SO ORDERED.**

March __, 2006
New York, New York

_____
U.S.D.J.